# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2005 | **DATE** | 3/20/2013 |
| **CASE TITLE** | Amanda U. Levy vs. Hyatt Hotels Corp. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed in forma pauperis [3] is denied. Further, Plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Case terminated.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Plaintiff Levy alleges, in essence, that on March 6, 2013, the defendant's employees refused to allow her to use the restroom at its hotel in Sacramento, California. She claims that their refusal caused her to suffer pain and dizziness, and that at some point during her encounter with the employees, she fell and injured her ankle. Even accepting all of Levy's allegations as true, she fails to make out any plausible *prima facie* claim against the defendant. She refers to the Civil Rights Act, 42 U.S.C. § 1981 *et seq.*, but fails to provide any factual basis whatsoever from which to infer that the hotel discriminated against her. The complaint also adverts to claims for negligence, bullying, assault and battery, breach of contract, and violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, but her allegations also utterly fail to support any of those claims.

    The Court notes that the plaintiff has recently filed two other lawsuits in this district, *Levy v. United Airlines, Inc.* (13 C 01649) and *Levy v. McDonald's Corp.* (13 C 1666). Each of the three complaints plaintiff has filed in this district alleges a different factual predicate, but each contains virtually identical boilerplate language regarding the purported legal bases of the claims and identical requests for $2 million in damages against Illinois defendants. Further, Levy's complaint in 13 C 1649 is potentially inconsistent with her complaint in this case. In 13 C 1649, the plaintiff claims that she was sick and unstable from February 28, 2012 through March 13, 2012 after drinking poisoned coffee on a flight, while in this case she alleges that it was the defendant's refusal to allow her to use the restroom that caused her "intense dizziness."

    In 2005, the plaintiff previously filed at least two other cases before this Court, acting at that time under the name Amanda U. Ajuluchuku.[1] Both complaints were summarily dismissed.

---

[1] It is clear that Levy and Ajuluchuku are the same person because Levy and Ajuluchuku each describe the cause of her own disability as being a fall as a baby that split her head into two

After Judge Filip dismissed the plaintiff's initial lawsuit for failure to obtain an EEOC right-to-sue letter, *Ajuluchuku v. Boeing Co.*, No. 05 C 1746 (N.D. Ill. Mar. 28, 2005), the plaintiff filed a second iteration without obtaining the necessary EEOC letter. In *Ajuluchuku v. Boeing*, 05 C 4548 (N.D. Ill. Dec. 23, 2005), Judge Filip dismissed the plaintiff's complaint as frivolous and warned the plaintiff that additional frivolous filings could be met with Rule 11 sanctions.

The Court further takes judicial notice that according to the Public Access to Court Electronic Records ("PACER") system, the plaintiff appears to have filed at least 33 lawsuits in federal courts across the country within the past eight weeks. And between 2003 and 2012, under the name Ajuluchuku, the plaintiff filed at least 267 federal lawsuits, the majority of which were summarily dismissed as frivolous. Several other districts have restricted the plaintiff's ability to file new complaints due to her serial filing of frivolous complaints. *See, e.g., Ajuluchuku v. Wachovia Corp.*, No. 06 C 612, 2006 U.S. Dist. LEXIS, *2-3 (N.D. Tex. Sep. 27, 2006) (barring plaintiff from filing lawsuits until she pays sanction for "her continuous filing of frivolous lawsuits"); *Ajuluchuku v. Southern New England School of Law*, No. 05 C 251, 2006 U.S. Dist. LEXIS 66760, *2 (N.D. Ga. Sep. 14, 2006) (prohibiting plaintiff from filing lawsuits without paying the full statutory filing fee); *Ajuluchuku v. Yum! Brand, Inc., Ltd.*, No. 05 C 826, 2006 U.S. Dist. LEXIS 34301, *11 (May 23, 2006) (same); *Ajuluchuku v. Bank of America*, No. 06 C 60, 2006 U.S. Dist. LEXIS 32698, *13-14 (W.D.N.C. May 22, 2006) (prohibiting plaintiff from filing new lawsuits without leave of court); *In re Ajuluchuku*, No. 05 C 5018, 2005 U.S. Dist. LEXIS 42338, *1 (W.D. Wash. July 28, 2005) (same); *Ajuluchuku v. Marriott*, No. 05 C 395 2005 U.S. Dist. LEXIS 42685, *3-4 (D. Md. Feb. 15, 2005) (same); *Ajuluchuku v. University of Massachusetts*, No. 04 C 124723, 2005 U.S. Dist. LEXIS 42056, *5 (D. Mass. Apr. 29, 2005) (same); *Ajuluchuku v. Baltimore County Police*, No. 05 C 74811, 2006 U.S. Dist. LEXIS 39225, *4-5 (E.D. Mich. Jan. 4, 2006) (same).

Since 2003, Levy has continually brought frivolous cases throughout the country. The resources of the federal courts are not unlimited, and Plaintiff has for years now diverted those resources from litigants who have legitimate claims, impairing the federal courts' ability to provide prompt, efficient and fair administration of justice to the public. "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Sindram*, 498 U.S. 177, 179-80 (1991). Based on her abuse of the litigation process, the Clerk of the Court is directed to formally recommend Plaintiff Amanda U. Levy f/k/a Amanda U. Ajuluchuku to the Executive Committee of the Northern District of Illinois to be considered for its list of restricted filers. And her complaint in this action is dismissed with prejudice as frivolous.

---

parts. *Compare* Cmplt. (Dkt. 1) *with Ajuluchuku v. Boeing*, 05 C 4548 (N.D. Ill. Dec. 23, 2005). Further, the plaintiff's distinctive signature is the same on complaints filed as both Levy and Ajuluchuku. *Id.* And the plaintiff filed at least some complaints under the name Amanda U. Ajuluchuku-Levy. *See, e.g., Ajuluchuku-Levy v. Schleifer*, No. 08 C 1752, 2009 WL 4890768, (E.D.N.Y. Dec. 15, 2009) (threatening Rule 11 sanctions for filing a frivolous complaint).

|  | |
|---|---|
| Courtroom Deputy Initials: | AIR |